NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANDY JOE SKAINS, | No. 09-15838 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-00127-LKK-CHS |
| v. | |
| STATE OF CALIFORNIA and BILL LOCKYER, Attorney General, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued and Submitted June 16, 2010
San Francisco, California

Before: RIPPLE, Senior Circuit Judge,[**] RYMER and FISHER, Circuit Judges.

Randy Joe Skains appeals from the district court's denial of his 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Kenneth F. Ripple, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

§ 2254 habeas corpus petition.[1] We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

I

The California Court of Appeal's determination of Skains's *Napue* claim was not contrary to clearly established federal law or an unreasonable application of it. *Napue v. Illinois*, 360 U.S. 264, 269 (1959). A *Napue* claim will succeed only if the prosecution knows or should have known that the testimony was false, whereas Skains offers only speculation that the prosecutor knew or should have known that Mills's impeachment testimony was inaccurate at the time it was

---

[1] We review de novo a district court's decision to deny a habeas petition and review its factual findings for clear error. *McMurtrey v. Ryan*, 539 F.3d 1112, 1118 (9th Cir. 2008). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas relief on a claim "adjudicated on the merits" in state court if the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). The standard of review is "highly deferential . . . [and] demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam). If, however, the state court denied a claim without reasons, we independently review the record to determine whether its decision was contrary to, or an unreasonable application of, clearly established federal law.

given.[2]  In any event, there is no reasonable likelihood that Mills's testimony could have affected the verdict.  Mills acknowledged that Skains and Miller could have spoken regardless of their housing; no viable defense depended on the testimony; and although Mills' testimony was used to impeach Skains, the prosecution also impeached him in several other ways.

II

"[T]he Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense."  *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (internal quotation marks omitted).  However, "[t]he accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence."  *Taylor v. Illinois*, 484 U.S. 400, 410 (1988).  Reviewing the record independently, we conclude that excluding all but two of Skains's letters did not violate Skains's right to present a full and complete defense and was neither contrary to clearly established federal law nor an unreasonable application of it.  The excluded letters were cumulative, Skains

---

[2] For this reason, the district court did not abuse its discretion in denying Skains's motion to depose the trial prosecutor.  *United States v. Zuno-Arce*, 209 F.3d 1095, 1103 (9th Cir. 2000) (speculation is not a basis for an evidentiary hearing on a *Napue* claim), *overruled on other grounds by Valerio v. Crawford*, 306 F.3d 742, 763-64 (9th Cir. 2002) (en banc).

testified that he wrote many others, and the jury heard ample evidence about the nature, extent, and duration of Skains's fear of Miller.

III

Reviewing Skains's claim of judicial bias de novo because the trial court rejected it on procedural grounds and the California Supreme Court denied it without comment, we conclude that the prosecutor's minimal contribution to the trial judge's campaign did not create an appearance of bias or a risk of actual bias. *Cf. Caperton v. A.T. Massey Coal Co.*, 129 S. Ct. 2252, 2265 (2009) (concluding that a litigant's expenditure of $3 million to support a judge's campaign resulted in "an extraordinary situation where the Constitution requires recusal"). Nor did the trial judge's evidentiary rulings demonstrate bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Reviewing the record independently, we conclude that the District Attorney had no unconstitutional conflict of interest under clearly established federal law. *See Marshall v. Jerrico, Inc.*, 446 U.S. 238, 250-51 (1980); *see also Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 808-09 (1987). Skains failed to show that bringing a motion in limine to suppress evidence regarding the

4

Miller arrest warrant was motivated by personal or professional interests instead of legal merit.

## IV

Considering the conduct of the trial court "in its context and under all the circumstances," *Lowenfield v. Phelps*, 484 U.S. 231, 237 (1988), the trial court's jury poll was not coercive, nor was it impermissibly one-sided or directed toward a return of a guilty verdict. Both times the jury returned the verdict forms, it found Skains guilty of second-degree murder on the only form that gave them the choice to do so and found that Skains had used a deadly weapon, a finding which presupposed Skains had been found guilty of a crime. In this context, the judge's queries pertained to a mistake in the verdict *forms*, not the *verdict* itself. Each juror endorsed the guilty verdict for second-degree murder in spite of ample opportunity to repudiate it. Moreover, Skains's counsel did not object to the judge's method of polling the jury, which "indicates that the potential for coercion argued now was not apparent to one on the spot." *Lowenfield*, 484 U.S. at 240. In these circumstances, we cannot say that the poll was constitutionally infirm under clearly established federal law.

AFFIRMED.